IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DONALD WATKINS, § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL NO. 3:16-CV-1265-M-BK |
| § | |
| GREYHOUND LINES § | |
| INCORPORATED, et al., § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States magistrate judge for judicial screening. On May 9, 2016, Plaintiff filed a *pro se* complaint under 42 U.S.C. §§ 1981 and 1982. The Court subsequently granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. Upon review of the relevant pleadings and law, and for the reasons that follow, this case should be summarily **DISMISSED WITH PREJUDICE.**

**I. BACKGROUND**

Plaintiff sues Greyhound Lines Incorporated, Terminal Supervisor Nikki, and Floor Supervisor Alanzo for intentionally discriminating against him based on his race as an African American in violation of 42 U.S.C. §§ 1981 and 1982. Doc. 3 at 1, 3, 5-6. Plaintiff asserts that on May 10, 2014, Defendants refused to honor a prepaid bus ticket from Dallas, Texas, to Birmingham, Alabama, that his new employer had purchased for him.[1]  Doc. 3 at 3. Later that

---

[1] The Court gathers from Plaintiff's recitation of the facts that the possession of a prepaid bus ticket does not grant the holder the right to a seat on a particular bus, but only grants the right to later redeem the ticket for a seat, subject to seat availability.

day, however, Plaintiff was able to redeem the bus ticket and depart at 7:30 p.m.  Plaintiff seeks $100,000 in compensatory and punitive damages.  Doc. 3 at 6.

According to the complaint, on May 10, 2014, Plaintiff called Greyhound customer service to redeem his prepaid bus ticket.  Doc. 3 at 3.  Although customer service confirmed seat availability on the busses departing at 12:30 p.m. and 10:30 p.m., Plaintiff was told "to redeem the ticket in person at the counter in the Dallas Greyhound's bus terminal."  Doc. 3 at 3.  When Plaintiff arrived at the bus terminal, however, a Greyhound representative of "Mexican" descent refused to redeem Plaintiff's ticket and told him no more seats were available for that day from Dallas to Birmingham.  Doc. 3 at 3.  Plaintiff avers that while he waited to speak with a supervisor, however, he saw the 12:30 p.m. "bus depart with at least half the bus empty."  Doc. 3 at 4.  Plaintiff ultimately sought the assistance of the Dallas Police Department when Floor Supervisor Alanzo, also of "Mexican" descent, refused to help him.  Doc. 3 at 4.  Eventually, a police officer spoke to Defendant Alanzo, who agreed to allow Plaintiff to exchange his ticket for a seat "after shift change at 3 pm."  Doc. 3 at 4.  Plaintiff left the bus station, returning shortly after 3 pm, when he redeemed his ticket for the 7:30 p.m. bus through an African American employee without incident.  Doc. 3 at 4-5.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).  That statute provides for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citations omitted).

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant.  See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice").  Even under this most liberal construction, however, Plaintiff fails to state a claim upon which relief can be granted.

### A. 42 U.S.C. § 1981

Plaintiff has brought a claim under 42 U.S.C. § 1981, which prohibits discrimination based on race in the making and enforcement of contracts.  To state a claim for a violation of Section 1981, a plaintiff must allege facts showing that (1) he is a member of a protected class; (2) the defendant intended to discriminate against him on the basis of race; and (3) the discrimination related to one or more activities enumerated in the statute, including the right to make or enforce contracts.  *Felton v. Polles*, 315 F.3d 470, 483 (5th Cir. 2002), abrogated on other grounds by *Burlington N. & Santa Fe. Ry. Co. v. White,* 548 U.S. 53 (2006).

Here, the complaint and answers to the questionnaire are devoid of any factual enhancement reasonably suggesting discriminatory conduct by Defendants on account of

Plaintiff's race. *See Green v. State Bar of Texas*, 27 F.3d 1083, 1086 (5th Cir. 1994) (affirming dismissal of section 1981 claims because plaintiff failed to allege that the defendants discriminated against him based on race in the making or enforcement of any contract). The complaint merely asserts "Defendants intentionally discriminated against Plaintiff because of his race as a Black African American by failing to enforce the contract of Plaintiff's purchased bus ticket when Defendants had a duty to honor and redeem Plaintiff's purchased bus ticket for a seat on a Greyhound bus scheduled for bus departures on May 10, 2016, from Dallas to Birmingham." Doc. 3 at 5. When subsequently asked in the *Magistrate Judge's Questionnaire* to identify the facts on which he relies to claim Defendants had an intent to discriminate against him on the basis of his race, Plaintiff avers that Defendants "intentionally lied in stating there was [sic] no more seats available for the day Plaintiff attempted to go to Birmingham, AL when in fact there where [sic] multiple seats available on every bus departing to Birmingham." Doc. 8 at 1. He also suggests, without any factual support, that Defendants had no basis for their actions other than the racial differences:

> Beside[s] lying to Plaintiff, Defendants offered no reason on why they refused to allow Plaintiff to board any of the busses departing for Birmingham. The police negotiated for Plaintiff to get a bus ticket after the shift changed at 3 pm, when the predominantly employees of Mexican descent left and a predominantly employee [sic] of African descent arrived and I was issued a ticket on the same day within a 15 minute time period.

Doc. 8 at 1. This mere supposition is clearly insufficient.

Likewise, in response to the Court's request that he identify all facts indicating that Defendants' refusal to redeem the bus ticket was racially motivated, Plaintiff simply reiterates his contention that Defendants lied and were of "Mexican" descent:

4

> Defendants had no reason to lie and state that there was no seats available for that day when seat[s] were indeed available. Every employee on the floor at the time when I was denied a seat on the bus was of Mexican descent, who were [sic] working for Greyhound. Everyone of Mexican descent did not have a problem or was denied entry on the bus that day. I was denied a bus ticket for no reason at all as stated on the police report. Plaintiff had a valid bus ticket and Defendants without any reason or any legitimate reason denied Plaintiff bus ticket because of his race.

Doc. 8 at 2. *See also* Doc. 8 at 5 (reiterating that "Defendants had no reason to lie" and that "Defendants' specific responsibilities were to provide seats to customers like Plaintiff when they are available," and that "Defendants refused to give the Dallas police any legitimate reason and did not give the Dallas police any reason at all.").

Even when liberally construed, Plaintiff's pleadings do not assert any factual basis for concluding the existence of any racial animus on the part of Defendants in their dealings with him. *See Coleman v. Houston Indep. Sch. Dist.,* 113 F.3d 528, 533 (5th Cir. 1997) ("a cause of action for racial discrimination in the making and enforcement of contracts, under § 1981, requires the plaintiff to demonstrate intentional discrimination."); *see also Grambling Univ. Nat. Alumni Ass'n v. Bd. of Sup'rs for Louisiana Sys.,* 286 Fed.Appx. 864, 870 (5th Cir. 2008) (*per curiam*) (considering no showing of racial animus as a motivating factor in holding that section 1981 claim was "implausible" under pleading requirements of *Twombly*). In order to make a prima facie claim of Defendants' intent to discriminate against him on account of race, Plaintiff has to o direct evidence of that fact, such as statements of Defendants demonstrating their actions were on account of Plaintiff's race, or indirect evidence, such as proof that Plaintiff was treated differently than similarly-situated prepaid ticket holders who were not African-American or that all African-Americans were excluded from the bus. Here, Plaintiff's allegations of racial discrimination stem solely from his personal, subjective experience. Consequently, the

complaint is wholly devoid of any plausible facts suggesting discrimination on account of Plaintiff's race. The mere mention of the races/nationalities of the individuals involved simply does not suffice to establish a prima facie case of racial discrimination.

In sum, Plaintiff has clearly offered nothing more than "labels and conclusions." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 and 557 (requiring a litigant to "raise [his] right to relief above the speculative level" and to present more than a "naked assertion" devoid of "further factual enhancement."); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (noting that a litigant must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation"). Indeed, Plaintiff has presented only vague and conclusory allegations, based solely on his personal, subjective belief that he was discriminated based on his race. *See Ryans v. Gresham*, 6 F. Supp. 2d 595, 603-604 (E.D. Tex. 1998) (subjective conjecture that defendants were motivated by racial animus was insufficient to support a claim under section 1981); *also cf. Byers v. Dallas Morning News, Inc.,* 209 F.3d 419, 427 (5th Cir. 2000) (subjective belief that incidents were retaliatory, without more, was insufficient in employment discrimination context); *Grimes v. Texas Dept. of MHMR*, 102 F.3d 137, 139-141 (5th Cir. 1996) (conclusory allegations, unsubstantiated assertions, and subjective beliefs were insufficient to support an employment discrimination claim). Thus, Plaintiff has failed to state a plausible claim under section 1981.

### B. 42 U.S.C. § 1982

Plaintiff's reliance on 42 U.S.C. § 1982 also fails.[2] In addition to Plaintiff's failure to establish Defendants' discriminatory intent, as detailed in the previous section, the protections

---

[2] Unlike 42 U.S.C. § 1981, Plaintiff references 42 U.S.C. § 1982 only in the first paragraph of the complaint. Doc. 3 at 1.

from discriminatory practices afforded by section 1982 are inapplicable under the facts and circumstances Plaintiff posits.

"Section 1982 prohibits all racial discrimination, private as well as public, with respect to property rights." *Inclusive Communities Project, Inc. v. Texas Dept. of Hous. & Cmty. Affairs,* 749 F. Supp. 2d 486, 501 (N.D. Tex. 2010) (Fitzwater, J.) (quotations and quoted cases omitted). To prove a claim under 42 U.S.C. § 1982, a plaintiff "must demonstrate discriminatory intent, not merely discriminatory effect." *Id.*

Assuming *arguendo* that the prepaid bus ticket Plaintiff possessed is the kind of personal property contemplated by section 1982, he has not alleged facts which demonstrate Defendants interfered with his right "to inherit, purchase, lease, sell, hold, and convey" it. And notwithstanding that Plaintiff's "right to take care of himself, to earn a living and to generate income" are not property rights, as he asserts, he has not pled facts demonstrating that he was deprived of any such rights, since he was able to secure a seat on the 7:30 p.m. bus on the same day to his intended destination. Doc. 8 at 6. In the end, this is of little or no significance since, as discussed *supra*, Plaintiff has wholly failed to allege facts from which Defendants' discriminatory intent can be gleaned.

Thus, even when liberally construed, Plaintiff has likewise failed to state a plausible claim for relief under section 1982.

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted the opportunity to amend his complaint prior to *sua sponte* dismissal with prejudice, however, leave to amend is not required where plaintiff "has already pleaded his 'best case.'" *Brewster v. Dretke,* 587 F.3d 764, 767-768 (5th

Cir. 2009) (per curiam). In this instance, the Court observed upon initial screening that Plaintiff's complaint was clearly deficient, and he was given the opportunity to provide answers to the *Magistrate Judge's Questionnaire* that could cure the deficiencies identified therein. Based on Plaintiff's responses to the *Questionnaire*, however, it is obvious that his claims are fatally flawed and cannot be revived through amendment. Thus, granting leave to amend would be futile and cause needless delay.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's complaint be summarily **DISMISSED WITH PREJUDICE** for failure to state a claim. See 28 U.S.C. § 1915(e)(2)(B).

**SIGNED** January 20, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE